IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALLEN KELLUM, | ) |
| | ) Case No. 8:13-cv-00021 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| PNS STORES, INC., | ) |
| | ) |
| Defendant. | ) |

**JOINT CONFIDENTIALITY AGREEMENT
AND STIPULATED PROTECTIVE ORDER**

Plaintiff Allen Kellum ("Plaintiff"), and Defendant PNS Stores, Inc. ("Defendant"), by and through their respective counsel, enter into this Joint Confidentiality Agreement and Stipulated Protective Order ("Confidentiality Agreement") and thereby agree to the following terms and conditions:

## I. Definitions

1. **_Confidential Information._**  As used in this Confidentiality Agreement, "Confidential Information" shall mean: (i) personnel, medical, insurance, or payroll information concerning any current or former employee of Company; (ii) other documents, including business records, policies and protocals disclosed by Plaintiff or Defendant that are generally considered to be confidential and protected by the privacy interests held by the disclosing party. Use of Confidential Information during this judicial proceeding shall be governed by this Confidentiality Agreement.

2. **_Highly Confidential/Attorneys' Eyes Only:_**  To the extent it is otherwise discoverable, Confidential Information regarding highly sensitive confidential or proprietary

commercial or financial information (including without limitation information about employees, customers, customer contracts, may be further designated as "Highly Confidential/Attorneys' Eyes Only."

## II. Procedure for Identification of Confidential Information

3. Other than as set forth in paragraphs four, five and six below, the designation of information as "CONFIDENTIAL" or "Highly Confidential/Attorneys' Eyes Only" shall be made by placing or affixing on the designated information, in a manner that will not interfere with its legibility, the word "CONFIDENTIAL" or "Highly Confidential/Attorneys' Eyes Only," as applicable. The designation of information as "Confidential Information" or "Highly Confidential/Attorneys' Eyes Only" shall be made prior to, or contemporaneously with, the production or disclosure of said information. However, should the disclosing party discover after disclosure that the words "CONFIDENTIAL" or "Highly Confidential/Attorneys' Eyes Only" was omitted inadvertently from a document or documents, then upon written notice of same, the other party shall return all such documents. The disclosing party shall then mark the returned documents as "CONFIDENTIAL" or "Highly Confidential/Attorneys' Eyes Only" and produce them to the other party within seven (7) business days of the disclosing party's receipt of same.

4. Any commercial, financial, business or regulatory records of Plaintiff shall be deemed Confidential Information whether or not marked "CONFIDENTIAL" or "Highly Confidential/Attorneys' Eyes Only" and shall be governed by this Confidentiality Agreement.

5. Any personnel files, policies, payroll or employment records of Defendant or any employee or former employee of Defendant shall be deemed Confidential Information

whether or not marked "CONFIDENTIAL" or "Highly Confidential/Attorneys' Eyes Only" and shall be governed by this Confidentiality Agreement.

### III. Effect of Designation as Confidential or Highly Confidential

6. Information designated as Confidential Information under this Confidentiality Agreement shall not be used or disclosed by any party, counsel for any party, expert witness, consultant, or their employees, for any purpose whatsoever other than in connection with the prosecution and defense of this matter up through and including any appeals.

7. Counsel for each party who obtains information designated as Confidential Information under this stipulation shall not disclose or permit disclosure of this information to any person or entity other than the following: (i) the specific attorneys of record for the parties; (ii) office personnel employed by attorneys of record for the parties to the extent necessary to assist in trial preparation or motion practice; (iii) expert witnesses who may be used in preparation for trial or in the trial of this action; (iv) the parties, (v) employees, officers and directors of Defendant who have direct responsibility in or for this matter, and (vi) witnesses who agree in writing to comply with the provisions of this agreement.

8. Information designated Highly Confidential/Attorneys' Eyes Only shall not be disclosed directly or indirectly, in whole or in part, in words or substance, except during the course of this case and only to and among the following persons not withstanding any other provision of this stipulation:

(a) The outside attorneys of records for the receiving party directly involved in this lawsuit, and those attorneys' employees working under their direct supervision;

(b) Independent consulting or testifying experts not employed by a party;

(c) Court officials involved in this litigation (including court reporters and persons operating video recording equipment at depositions); and

(d) Any person who authored or received such information or documents in the ordinary course of business.

9. Nothing contained in this Confidentiality Agreement shall preclude any party from: (i) designating that party's own information as Confidential Information or Highly Confidential/Attorneys' Eyes Only Information; (ii) using that party's own Confidential Information or Highly Confidential/Attorneys' Eyes Only Information in the regular course of its business; or (iii) revealing that party's own Confidential Information or Highly Confidential Information to whomever it chooses. However, this Paragraph shall not be interpreted as allowing any party to: (i) designate the opposing party's information as Confidential Information or Highly Confidential/Attorneys' Eyes Only Information; (ii) use the opposing party's Confidential Information or Highly Confidential/Attorneys' Eyes Only Information in the regular course of business; or (iii) reveal the opposing party's Confidential Information or Highly Confidential/Attorneys' Eyes Only Information to anyone, except as set forth herein.

10. Upon final determination of this action, whether by judgment, settlement, or otherwise, counsel of record and each party, person, and entity who obtained documents from a party that are designated as Confidential Information or Highly Confidential/Attorneys' Eyes

Only Information shall return any such documents and all copies thereof to the party or the party's counsel who provided the documents.

11. Any third parties, other than counsel of record and those Company employees responsible for this litigation including, but not limited to, those responsible for assembly and maintenance of records, who are provided with any Confidential Information or Highly Confidential Information/Attorneys' Eyes Only Information shall be subject to the terms and conditions of this Confidentiality Agreement and shall be required to read, sign and date a copy of this Order agreeing to be bound by its terms. The party's attorney by whom the disclosure was made shall retain a copy of the signed Order in the event if is required for later proceedings or demanded by opposing counsel.

12. This Confidentiality Agreement is effective on the date agreed to by the parties which may predate the entry of this order set forth below.

13. Should any portion of this Confidentiality Agreement be deemed unenforceable, the portion of this agreement shall not invalidate the remainder of the provision of the section or the agreement.

14. This Confidentiality Agreement shall be governed by the laws of Nebraska. In the event of any action arising hereunder, venue shall be proper in the United States District Court for the District of Nebraska.

15. The parties reserve the right to change or modify this Confidentiality Agreement in writing at any time, provided that no change is effective against or binding upon any party unless and until any written change or modification is signed by that party or its counsel.

**IT IS SO ORDERED.**

Dated this 6th day of September, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

Respectfully submitted and stipulated,

/s/ Kenneth M. Wentz III_____
Kenneth M. Wentz III, NE# 23580
JACKSON LEWIS LLP
10050 Regency Circle, Suite 400
Omaha, Nebraska   68114
(402) 391-1991
(402) 391-7363 FAX
Email:  wentzk@jacksonlewis.com

ATTORNEYS FOR DEFENDANT

/s/ Jerry W. Katskee
Jerry W. Katskee, NE #12145
Andy Maca, NE #23949
KATSKEE, HENATSCH & SUING
10404 Essex Court, Suite 100
Omaha, Nebraska   68114-3746
(402) 391-1697
(402) 391-8932  FAX
Email: jerry@katskee.com
          andy@katskee.com

ATTORNEYS FOR PLAINTIFF